UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MATTHEW HANSHEW, ) ) Plaintiff, ) ) v. ) ) CORTEVA AGRISCIENCE LLC, ) ) Defendant. ) ) | Case No. 1:24-cv-01119 |

# COMPLAINT

**NOW COMES** MATTHEW HANSHEW ("Plaintiff"), by and through his undersigned counsel, complaining of CORTEVA AGRISCIENCE LLC ("Defendant") as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA") seeking redress for (1) Defendant's unlawful discrimination on the basis of Plaintiff's disability; (2) Defendant's failure to accommodate Plaintiff's disability; (3) Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA, (4) Defendant's interference with Plaintiff's FMLA rights; and (5) Defendant's retaliation against Plaintiff for invoking his FMLA rights.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA and FMLA are federal statutes.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the ADA have been satisfied.

5. A charge of employment discrimination on the basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

6. Plaintiff received a Notice of Right to Sue from the EEOC and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in El Paso, Illinois.

8. Defendant is a prominent American agricultural chemical and seed company.

9. Defendant operates multiple facilities in the United States, including a facility in El Paso, Illinois, where Plaintiff was employed.

10. Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

11. During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as an Operations Technician from May 2021 until his unlawful termination on November 9, 2023.

13. Plaintiff suffers from autism, a disability recognized under the ADA.

14. As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.

15. Regardless of Plaintiff's disability, Plaintiff could and did perform the essential functions of his job with or without accommodations.

16. Plaintiff disclosed his autism disorder to Defendant on multiple occasions during his employment and Defendant was well aware of Plaintiff's medical condition.

17. At one point, Defendant accommodated Plaintiff's disability by granting Plaintiff an additional hour of break time.

18. However, as time went on, Defendant became less tolerable of Plaintiff's disability and began deeming Plaintiff and his disability as a liability.

19. In June 2023, Plaintiff was assigned a new supervisor.

20. The new supervisor Alice Lopez ("Ms. Lopez") began assigning Plaintiff to new tasks that Plaintiff was not previously assigned to or trained for.

21. Upon information and belief, Ms. Lopez assigned the new tasks to Plaintiff in an effort to set Plaintiff up for failure.

22. Despite being faced with new and difficult tasks that he was not trained for, Plaintiff gave the new tasks his best effort and consistently sought feedback from Ms. Lopez.

23. However, Ms. Lopez did not respond to Plaintiff's requests for feedback.

24. Shortly after being assigned the new tasks, Plaintiff notified management that sudden changes to Plaintiff's normal routine triggers Plaintiff disability-related symptoms, including anxiety, paranoia, and delusions.

25. Despite Plaintiff's request for an accommodation (not suddenly changing

Plaintiff's routine), Defendant failed to engage Plaintiff in an interactive process to determine whether a reasonable accommodation would be feasible.

26. On or about October 8, 2023, due to Defendant's failure to accommodate Plaintiff's disability, Plaintiff was forced to go on FMLA leave due to his disability as Plaintiff could no longer control his disability-related anxiety, paranoia, and delusions.

27. Plaintiff was medically cleared to return to work on November 7, 2023.

28. Shortly before his return, Plaintiff attempted to contact Defendant regarding his schedule once he returns.

29. Defendant did not respond to any of Plaintiff's inquiries regarding his schedule.

30. On November 9, 2023, two days after being cleared to return to work, Defendant inexplicably terminated Plaintiff's unemployment.

31. Defendant's decision to terminate Plaintiff was not based on Plaintiff's work performance as Plaintiff's annual reviews were favorable.

32. Perplexed by his sudden termination, Plaintiff attempted to contact Defendant's HR Department to inquire about the basis of his termination.

33. To date, Defendant has not provided Plaintiff with a basis for Plaintiff's terminating.

34. The totality of circumstances demonstrate that the only plausible basis for Plaintiff's termination was Plaintiff's disability and/or his invocation of his rights under the FMLA.

35. As a result of Defendant's unlawful conduct, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, mental anguish,

emotional distress, and loss of enjoyment of life.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Failure to Accommodate)

36. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

37. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA.

38. Plaintiff is a qualified individual with a disability.

39. Defendant was aware of Plaintiff's disability and need for accommodations.

40. Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff requested a reasonable accommodation.

41. Plaintiff's reasonable accommodation request was not an undue burden on Defendant.

42. Defendant failed to accommodate Plaintiff's disability and instead terminated Plaintiff in an effort to circumvent its obligations under the ADA.

43. Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the ADA.

44. As set forth above, Plaintiff suffered damages as a result of Defendant's failure to accommodate Plaintiff's disability.

## COUNT II
### Violations of the Americans with Disabilities Act
### (Disability Discrimination)

45. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

46. The ADA prohibits an employer from discriminating against an employee based

on the employee's disability.

47. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class as the employees without disabilities were not inexplicably terminated.

48. Defendant discriminated against Plaintiff by terminating Plaintiff's employment on the basis of his disability.

49. As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff was medically cleared to return to work from FMLA leave that was necessitated by Defendant's failure to accommodate Plaintiff's disability.

50. Plaintiff suffered an adverse employment action in the form of termination.

51. Defendant's conduct was willful and a clear violation of Plaintiff's rights under the ADA.

52. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff requests the following relief:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Loss of benefits;

    d. Liquidated damages;

    e. Compensatory and punitive damages;

    f. Plaintiff's attorney's fees and costs;

    g. An award of pre-judgment interest if applicable; and

    h. An award of any further relief this Court deems just and proper.

## COUNT III
### Violations of the Americans with Disabilities Act
### (Retaliation)

53. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein

54. As set forth above, Plaintiff requested an accommodation and FMLA leave due to his disability.

55. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

56. Defendant retaliated against Plaintiff for exercising her rights under the ADA by terminating his employment and depriving him of his rights under the ADA.

57. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

58. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

59. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful retaliation.

**WHEREFORE**, Plaintiff requests the following relief:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Loss of benefits;

    d. Liquidated damages;

    e. Compensatory and punitive damages;

    f. Plaintiff's attorney's fees and costs;

    g. An award of pre-judgment interest if applicable; and

    h. An award of any further relief this Court deems just and proper..

## COUNT IV
### Violations of the Family Medical Leave Act
### (FMLA Retaliation)

60. Plaintiff incorporates the preceding Paragraphs as though fully set forth herein

61. Defendant unlawfully retaliated against Plaintiff for invoking his FMLA rights by terminating Plaintiff's employment.

62. As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff was cleared to go back to work after his FMLA leave.

63. Defendant intentionally engaged in an unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for invoking his FMLA rights.

64. As set for above, Plaintiff suffered damages as a result of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff requests the following relief:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Loss of benefits;

    d. Liquidated damages;

    e. Compensatory and punitive damages;

    f. Plaintiff's attorney's fees and costs;

    g. An award of pre-judgment interest if applicable; and

    h. An award of any further relief this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 14, 2023                                Respectfully submitted,

                                                     */s/ Mohammed O. Badwan*
                                                     Mohammed O. Badwan
                                                     SULAIMAN LAW GROUP, LTD.
                                                     2500 South Highland Avenue
                                                     Suite 200
                                                     Lombard, Illinois 60148
                                                     (630) 575-8180
                                                     mbadwan@sulaimanlaw.com