**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| MATTHEW HANSHEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01119 |
| | ) | Judge James E. Shadid |
| CORTEVA AGRISCIENCE LLC, | ) | Magistrate Judge Jonathan E. Hawley |
| | ) | |
| Defendant. | ) | JURY DEMANDED |

**DEFENDANT CORTEVA AGRISCIENCE'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, CORTEVA AGRISCIENCE LLC ("Corteva"), by and through its attorneys, SANCHEZ DANIELS & HOFFMAN LLP, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      Plaintiff brings this action under the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA") seeking redress for (1) Defendant's unlawful discrimination on the basis of Plaintiff's disability; (2) Defendant's failure to accommodate Plaintiff's disability; (3) Defendant's interference with Plaintiff's FMLA rights; and (5) Defendant's retaliation against Plaintiff for invoking his FMLA rights.

**ANSWER:**    Corteva admits only that that Plaintiff purports to bring an action pursuant to the Americans with Disabilities Act of 1990 ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA"); however, Corteva denies that Plaintiff states a claim upon which relief may be granted. Corteva further denies that it violated ADA or FMLA or discriminated or retaliated against Plaintiff in any manner. Corteva denies any remaining allegation contained in this Paragraph.

## JURISDICTION AND VENUE

2.      This Court has federal questions jurisdiction pursuant to 28 U.S.C. § 1331 as the ADA and FMLA are federal statutes.

**ANSWER:**     Corteva admits ADA and FMLA confer jurisdiction pursuant to 28 U.S.C. § 1331; however, Corteva denies that Plaintiff states a claim upon which relief may be granted. Corteva further denies that it violated ADA or FMLA or discriminated or retaliated against Plaintiff in any manner. Corteva denies any remaining allegation contained in this Paragraph.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**ANSWER:**     Corteva admits that venue is proper in this District; however, Corteva denies that Plaintiff states a claim upon which relief may be granted. Corteva further denies that it violated ADA or FMLA or discriminated or retaliated against Plaintiff in any manner. Corteva denies any remaining allegation contained in this Paragraph.

## ADMINISTRATIVE PREREQUISITES

4.      All conditions precedent to jurisdiction under the ADA have been satisfied.

**ANSWER:**     Corteva admits that on or about December 18, 2023, Plaintiff filed an EEOC Charge No. 440-2024-02551, and on February 26, 2024, EEOC issued the Dismissal and Notice of Rights; however, Corteva denies that Plaintiff states a claim upon which relief may be granted. Corteva further denies that it violated ADA or discriminated or retaliated against Plaintiff in any manner. Corteva denies any remaining allegation contained in this Paragraph.

5.      A charge of employment discrimination on the basis of disability was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC").  *See* attached Exhibit A.

**ANSWER:**   Corteva admits that on or about December 18, 2023, Plaintiff filed an EEOC Charge No. 440-2024-02551, and on February 26, 2024, EEOC issued the Dismissal and Notice of Rights; however, Corteva denies that Plaintiff states a claim upon which relief may be granted. Corteva further denies that it violated ADA or discriminated or retaliated against Plaintiff in any manner. Corteva denies any remaining allegation contained in this Paragraph.

6.     Plaintiff received a Notice of Right to Sue from the EEOC and Plaintiff filed this action within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

**ANSWER:**   Corteva admits that on or about December 18, 2023, Plaintiff filed an EEOC Charge No. 440-2024-02551, and on February 26, 2024, EEOC issued the Dismissal and Notice of Rights; however, Corteva denies that Plaintiff states a claim upon which relief may be granted. Corteva further denies that it violated ADA or discriminated or retaliated against Plaintiff in any manner. Corteva denies any remaining allegation contained in this Paragraph.

## **PARTIES**

7.     Plaintiff is a natural person, over 18-years-of -age, who at all times relevant resided in El Paso, Illinois.

**ANSWER:**   Corteva admits that Plaintiff is a natural person, over 18 years of age. Corteva is without knowledge or information sufficient to admit or deny the remaining allegations contained in this Paragraph and demands strict proof thereof.

8.     Defendant is a prominent American agricultural chemical and seed company.

**ANSWER:**   Corteva admits that it is an American agriculture company and denies any remaining allegations contained in this Paragraph.

3

9.      Defendant operates multiple facilities in the United States, including a facility in El Paso, Illinois, where Plaintiff was employed.

**ANSWER:**    Admitted.

10.     Plaintiff was employed by Defendant as an "employee" as that term is defined by the ADA.

**ANSWER:**    Admitted.

11.     During the relevant time period, Defendant had at least fifteen employees, was an "employer" as defined by ADA, and was engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**ANSWER:**    Admitted.

## FACTUAL ALLEGATIONS

12.     Plaintiff was employed by Defendant as an Operations Technician from May 2021 until his unlawful termination on November 9, 2023.

**ANSWER:**    Corteva admits that Plaintiff was employed at Corteva as a Formulation Operator from May 17, 2021 to November 9, 2023. Corteva denies that Plaintiff was unlawfully terminated and further denies any remaining allegations contained in this Paragraph.

13.     Plaintiff suffers from autism, a disability recognized under the ADA.

**ANSWER:**    Corteva lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph and demands strict proof thereof.

14.     As a result of Plaintiff's disability, Plaintiff's major life activities are impacted.

**ANSWER:**    Corteva lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph and demands strict proof thereof.

15.     Regardless of Plaintiff's disability, Plaintiff could and did perform the essential functions of his job with or without accommodations.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

16.     Plaintiff disclosed his autism disorder to Defendant on multiple occasions during his employment and Defendant was well aware of Plaintiff's medical condition.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

17.     At one point, Defendant accommodated Plaintiff's disability by granting Plaintiff an additional hour of break time.

**ANSWER:**     Corteva lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph concerning Plaintiff's alleged disability and demands strict proof thereof. Further answering, Corteva denies that Plaintiff could and did perform the essential functions of his job and denies that Plaintiff requested any reasonable accommodation under the ADA. Corteva further denies any remaining allegations contained in this Paragraph.

18.     However, as time went on, Defendant became less tolerable of Plaintiff's disability and began deeming Plaintiff and his disability as a liability.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

19.     In June 2023, Plaintiff was assigned a new supervisor.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

20.     The new supervisor Alice Lopez ("Ms. Lopez") began assigning Plaintiff to new tasks that Plaintiff was not previously assigned to or trained for.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

21.     Upon information and belief, Ms. Lopez assigned the new tasks to Plaintiff in an effort to set Plaintiff up for failure.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

22.    Despite being faced with new and difficult tasks he was not trained for, Plaintiff gave the new tasks his best effort and consistently sought feedback from Ms. Lopez.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

23.    However, Ms. Lopez did not respond to Plaintiff's requests for feedback.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

24.    Shortly after being assigned the new tasks, Plaintiff notified management that sudden changes to Plaintiff's normal routine triggers Plaintiff disability-related symptoms, including anxiety, paranoia, and delusions.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

25.    Despite Plaintiff's request for an accommodation (not suddenly changing Plaintiff's routine), Defendant failed to engage Plaintiff in an interactive process to determine whether a reasonable accommodation would be feasible.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

26.    On or about October 8, 2023, due to Defendant's failure to accommodate Plaintiff's disability, Plaintiff was forced to go on FMLA leave due to his disability as Plaintiff could no longer control his disability-related anxiety, paranoia, and delusions.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

27.    Plaintiff was medically cleared to return to work on November 7, 2023.

**ANSWER:**    Corteva lacks sufficient knowledge or information to admit or deny the allegations contained in this Paragraph and demands strict proof thereof.

28.    Shortly before his return, Plaintiff attempted to contact Defendant regarding his schedule once he returns.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

29.    Defendant did not respond to any of Plaintiff s inquiries regarding his schedule.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

30.    On November 9, 2023, two days after being cleared to return to work, Defendant inexplicably terminated Plaintiff's unemployment.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

31.    Defendant's decision to terminate Plaintiff was not based on Plaintiff's work performance as Plaintiff's annual reviews were favorable.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

32.    Perplexed by his sudden termination, Plaintiff attempted to contact Defendant's HR Department to inquire about the basis of his termination.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

33.    To date, Defendant has not provided Plaintiff with a basis for Plaintiff's terminating.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

34.    The totality of circumstances demonstrate that the only plausible basis for Plaintiff's termination was Plaintiff's disability and/or his invocation of his rights under the FMLA.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

35.    As a result of Defendant's unlawful conduct, Plaintiff suffered loss of employment, loss of income, financial hardship, loss of employment benefits, metal anguish, emotional distress, and loss of enjoyment of life.

**ANSWER:**    Corteva denies the allegations contained in this Paragraph.

WHEREFORE, the Defendant, CORTEVA AGRISCIENCE LLC, denies that Plaintiff is entitled to judgment from it whatsoever under any circumstances and prays that it be dismissed with costs assessed against Plaintiff.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Failure to Accommodate)

36.     Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

**ANSWER:**     Corteva incorporates its answers to the proceeding Paragraphs as though fully set forth herein.

37.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of ADA.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

38.     Plaintiff is a qualified individual with a disability.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

39.     Defendant was aware of Plaintiff's disability and need for accommodations.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

40.     Defendant failed to engage in an interactive process to determine the appropriate accommodation after Plaintiff requested a reasonable accommodation.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

41.     Plaintiff's reasonable accommodation request was not an undue burden on Defendant.

**ANSWER:**      Corteva denies the allegations contained in this Paragraph.

42.     Defendant failed to accommodate Plaintiff's disability and instead terminated Plaintiff in an effort to circumvent its obligations under the ADA.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

43.     Defendant acted in willful and/or reckless disregard of Plaintiff's rights under the ADA.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

44.     As set forth above, Plaintiff suffered damages as a result of Defendant's failure to accommodate Plaintiff's disability.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

WHEREFORE, the Defendant, CORTEVA AGRISCIENCE LLC, denies that Plaintiff is entitled to judgment from it whatsoever under any circumstances and prays that it be dismissed herein with costs assessed against Plaintiff.

## COUNT II
### Violations of the Americans with Disabilities Act
### (Disability Discrimination)

45.     Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

**ANSWER:**     Corteva incorporates its answers to the proceeding Paragraphs as though fully set forth herein.

46.     The ADA prohibits an employer from discriminating against an employee based on the employee's disability.

**ANSWER:**     Corteva admits that that the ADA prohibits discrimination on the basis of disability; however, Corteva denies that Plaintiff states a claim upon which relief may be granted. Corteva further denies that it violated ADA or discriminated against Plaintiff in any manner. Corteva denies any remaining allegation contained in this Paragraph.

47.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class as the employees without disabilities were not inexplicably terminated.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

48.     Defendant discriminated against Plaintiff by terminating Plaintiff's employment on the basis of his disability.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

49.     As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff was medically cleared to return to work from FMLA leave that was necessitated by Defendant's failure to accommodate Plaintiff's disability.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

50.     Plaintiff suffered an adverse employment action in the form of termination.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

51.     Defendant's conduct was willful and a clear violation of Plaintiff's rights under the ADA.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

52.     As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

WHEREFORE, the Defendant, CORTEVA AGRISCIENCE LLC, denies that Plaintiff is entitled to judgment from it whatsoever under any circumstances and prays that it be dismissed as with costs assessed against Plaintiff.

### COUNT III
**Violations of the Americans with Disabilities Act**
**(Retaliation)**

53.     Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

**ANSWER:**     Corteva incorporates its answers to the proceeding Paragraphs as though fully set forth herein.

54.     As set forth above, Plaintiff requested an accommodation and FMLA leave due to his disability.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

55.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the ADA.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

56.      Defendant retaliated against Plaintiff for exercising her rights under the ADA by terminating his employment and depriving him of his rights under the ADA.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

57.     Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

58.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights under the ADA.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

59.     As set forth above, Plaintiff suffered damages as a result of the Defendant's unlawful retaliation.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

WHEREFORE, the Defendant, CORTEVA AGRISCIENCE LLC, denies that Plaintiff is entitled to judgment from it whatsoever under any circumstances and prays that it be dismissed as with costs assessed against Plaintiff.

## COUNT IV
### Violations of the Family Medical Leave Act
### (FMLA Retaliation)

11

60.     Plaintiff incorporates the preceding Paragraphs as though fully set forth herein.

**ANSWER:**     Corteva incorporates its answers to the proceeding Paragraphs as though fully set forth herein.

61.     Defendant unlawfully retaliated against Plaintiff for invoking his FMLA rights by terminating Plaintiff's employment.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

62.     As set forth above, Defendant suddenly terminated Plaintiff days after Plaintiff was cleared to go back to work after his FMLA leave.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

63.      Defendant intentionally engaged in an unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for invoking his FMLA rights.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

64.     As set forth above, Plaintiff suffered damages as a result of the Defendant's unlawful retaliation.

**ANSWER:**     Corteva denies the allegations contained in this Paragraph.

WHEREFORE, the Defendant, CORTEVA AGRISCIENCE LLC, denies that Plaintiff is entitled to judgment from it whatsoever under any circumstances and prays that it be dismissed as with costs assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, CORTEVA AGRISCIENCE LLC, by and through its attorneys, SANCHEZ DANIELS & HOFFMAN LLP, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's ADA claims are barred as Plaintiff posed a direct threat to himself and others in the workplace and was not a qualified individual under the ADA.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's failure to accommodate claim is barred as the accommodation requested by Plaintiff in the Complaint would impose undue burden on Corteva's business operations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's termination was justified by business necessity as involvement in teams and promotion of environment of teamwork is essential for the position of Formulation Operator and the operations of Corteva's business.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Plaintiff was terminated due to failure to meet job expectations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to exemplary or punitive damages as Corteva made good-faith efforts to prevent discrimination or retaliation in the workplace and cannot be vicariously liable for any alleged discriminatory or retaliatory employment decisions of its agents.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages. Plaintiff failed to report any disability or request reasonable accommodation. He failed to report alleged discrimination or retaliation. He also failed to submit required medical documentation for FMLA starting on November 8, 2023.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was not eligible for FMLA starting on November 8, 2023 due to failure to submit required medical documentation.

WHEREFORE, the Defendant, CORTEVA AGRISCIENCE LLC denies that Plaintiff is entitled to judgment from it whatsoever under any circumstances and prays that it be dismissed as with costs assessed against Plaintiff.

Respectfully submitted,

**SANCHEZ DANIELS & HOFFMAN LLP**

By:    /s/Yifan Xu Sanchez
                Attorney for Defendant,
                CORTEVA AGRISCIENCE LLC

Brian H. Sanchez (ARDC #: 6296503)
Yifan Sanchez (ARDC #: 6301220)
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive - Suite 500
Chicago, Illinois 60606
(312) 641-1555
bsanchez@sanchezdh.com
ysanchez@sanchezdh.com

## **<u>CERTIFICATE OF SERIVCE</u>**

I hereby certify that on May 10, 2024, the foregoing Defendant CORTEVA AGRISCIENCE LLC's Answer and Affirmative Defenses to the Complaint was electronically filed with the Clerk of the United States District Court For The Central District Of Illinois, Peoria Division, using the CM/ECF System, which will send notice of such filing to all parties of record.

/s/Yifan Sanchez

Yifan Sanchez (ARDC #: 6301220)
**SANCHEZ DANIELS & HOFFMAN LLP**
333 West Wacker Drive - Suite 500
Chicago, Illinois 60606
(312) 641-1555
ysanchez@sanchezdh.com